```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

EDITH JORDAN,

                          Plaintiff,                    11-CV-6182

             v.                                         DECISION
                                                        and ORDER
CORNING COMMUNITY COLLEGE, et al.,

                          Defendants.
_____
```

## INTRODUCTION

Plaintiff, Edith Jordan ("Plaintiff"), brings this action pursuant to Title IX, 20 U.S.C. § 1681(a), 42 U.S.C. § 1983 and the New York State Human Rights Law §§ 296, *et seq.*, alleging discrimination on the basis of her gender, discriminatory retaliation, retaliation in violation of the First Amendment, violations of equal protection and due process, and discrimination and retaliation in violation of New York state law. (Docket No. 1.)[1] Plaintiff specifically alleges that she suffered gender discrimination while she was a student at the Southern Tier Law Enforcement Academy at Corning College (the "College"), she complained of gender discrimination and she was then terminated as a student and the College thereafter gave her negative references in violation of federal and state law and a settlement agreement between the parties.

---

[1] Plaintiff originally brought this case in the Northern District of New York, but District Judge David N. Hurd transferred the case to this Court on April 8, 2011. (Docket No. 15.)

Defendants, the College and Patrick Pariss, Captain Michael Marrone, Rick Churches, Bruce Gugliotta, and other unknown representatives, agents or employees of the College (collectively the "Individual Defendants"), now move to dismiss Plaintiff's Complaint, contending, *inter alia*, that several of Plaintiff's claims are time barred or were the subject of a settlement agreement before the New York state Division of Human Rights (the "Division of Human Rights"), and therefore, cannot be relitigated. They further contend that Plaintiff has failed to plausibly state a claim for relief. (Docket No. 8). Plaintiff opposes Defendants' motion.

For the reasons set forth below this Court denies Defendants' Motion to Dismiss Plaintiff's claims under § 1983 and Title IX. Defendants' Motion to Dismiss certain state law claims is granted.

## BACKGROUND

The following facts are taken from the Complaint and the Stipulation of Settlement of Plaintiff's complaints before the Division of Human Rights, which is incorporated into the Complaint by reference.[2] Compl. at ¶26. Plaintiff entered the police academy at the College in January 2007. At that time, Plaintiff was the only female cadet. Plaintiff states that she was publicly called

---

[2] In connection with a motion to dismiss under Rule 12(b)(6), the Court generally may only consider "facts stated in the complaint or documents attached to the complaint as exhibits or incorporated by reference." See Nechis v. Oxford Health Plans, Inc., 421 F.3d 96, 100 (2d Cir.2005); accord Kramer v. Time Warner Inc., 937 F.2d 767, 773 (2d Cir. 1991).

the "weakest link" and pulled out of formation by Defendant Churches during one class because, he said, she could not "make it" as a police officer. Plaintiff also alleges that male cadets were afforded the opportunity to make up physical training that was missed for personal reasons, but she was told that she needed to choose between her family and personal obligations and the academy. She further alleges that the bathroom and changing facilities for the female cadets were located at least ten miles from the academy, and were not in the same location as the male facilities. Plaintiff does not state where the male facilities were located in relation to the academy, but a reasonable inference is that male cadets where required to travel less than female cadets to access such facilities.

Based on these facts, Plaintiff complained to Defendants Pariss and Marrone and her Class Leader (who is not identified by name in the Complaint) in January 2007. Plaintiff states that Marrone then asked her to resign from the academy, and told her she was a "distraction." On or around February 1, 2007, Plaintiff was terminated from the academy. Plaintiff appealed her termination, but it was upheld by the College. She alleges that she was told that she had "an issue with being a female."

On November 16, 2007 Plaintiff filed a charge of discrimination with the Division of Human Rights. She later filed a second charge of discrimination and retaliation with the Division

of Human Rights, on April 10, 2008, after she was rejected from employment by the Myrtle Beach Police Department, the Virginia State Police and the Chesterfield County Police Department in early 2008.

Plaintiff states that the Myrtle Beach Police Department rescinded an original offer of employment after they received "new information." The Virginia State Police stated that she would not be considered "due to information provided to them during the background phase of the hiring process." She states that she received a similar rejection from the Chesterfield County Police Department. She claims that the Defendants provided negative, false and misleading information to these prospective employers and that she "was advised that information these departments had received from the Defendants...caused them not to further consider her for employment."

The Division of Human Rights consolidated Plaintiff's complaints and scheduled a public hearing. But on July 6, 2009, prior to the hearing, the parties entered into a Stipulation of Settlement and her complaints were dismissed by separate Orders based on the Stipulation of Settlement in July 2009.

The settlement required Defendants to pay Plaintiff $1,100.00 and provide future employers with an agreed-upon reference which stated that she left for "personal reasons" on February 1, 2007, and that she "excelled academically and had been appointed squad

leader by her peers." Plaintiff also agreed to withdraw her complaints before the Division of Human Rights and to release Defendants from all future liability for the alleged actions that were the subject of the settlement.

Plaintiff claims that Defendants thereafter provided negative, false and misleading information to the following prospective employers: the Metropolitan Police Department of the District of Columbia, the Spring Garden Township Police Department in York Pennsylvania, and the Baltimore Police Department. She states that she received a letter from the Metropolitan Police Department of the District of Columbia which stated that she was rejected based on "false statements and termination from a law enforcement agency." Plaintiff then received a letter from the Spring Garden Township Police Department that she was "ineligible" for hiring because she "was asked to resign and did not leave for personal reasons." Plaintiff then filed this lawsuit on November 22, 2010.

## DISCUSSION

In deciding a motion to dismiss under Fed.R.Civ.P. 12(b)(6), a court must "accept...all factual allegations in the complaint and draw...all reasonable inferences in the plaintiff's favor." See Ruotolo v. City of New York, 514 F.3d 184, 188 (2d Cir.2008) (internal quotation marks omitted). In order to withstand dismissal, the complaint must plead "enough facts to state a claim

to relief that is plausible on its face." See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1974 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." See id. at 1965 (internal quotation marks omitted). Thus, "at a bare minimum, the operative standard requires the 'plaintiff [to] provide the grounds upon which his claim rests through factual allegations sufficient to raise a right to relief above the speculative level.'" See Goldstein v. Pataki, 516 F.3d 50, 56-57 (2d Cir.2008) (quoting Twombly, 127 S.Ct. at 1974).

    I.   The Statute of Limitations

Defendant first contends that Plaintiff's claims relating to the time period when she was a student at the College are barred by the statute of limitations, because Plaintiff was terminated from the college on February 1, 2007 and she did not file this lawsuit until November 22, 2010.[3] Plaintiff contends that her allegations represent a continuing policy of discrimination and are therefore timely pursuant to the continuing violation doctrine.

---

[3] The parties do not dispute that the statute of limitations for all of Plaintiff's claims is three years. See Curto v. Edmundson, 392 F.3d 502 (2d Cir. 2004).

"Under Title VII's continuing violation doctrine, 'if a plaintiff has experienced a continuous practice and policy of discrimination, ... the commencement of the statute of limitations period may be delayed until the last discriminatory act in furtherance of it.'" Washington v. County of Rockland, 373 F3d 310 (2d Cir. 2004)(quoting Fitzgerald v. Henderson, 251 F.3d 345, 359 (2d Cir.2001)). However, the Second Circuit has held that the continuing violation doctrine applies only where there is a specific "policy or mechanism" of discrimination at issue and "multiple incidents of discrimination, *even similar ones*, that are not the result of a discriminatory policy or mechanism do not amount to a continuing violation." See Hongyan Lu v. Chase Inv. Services Corp., 412 Fed. Appx. 413, 416, 2011 WL 782226 (2d Cir. 2011)(citing Lambert v. Genesee Hosp., 10 F.3d 46, 53 (2d Cir.1993))(emphasis in original). However, in cases "where there is proof of specific ongoing discriminatory polices or practices, or where specific and related instances of discrimination are permitted by the employer to continue unremedied for so long as to amount to a discriminatory policy or practice," a continuing violation may be found. Cornwell v. Robinson, 23 F.3d 694, 704 (2d Cir.1994).

This Court finds that Plaintiff sufficiently alleged a continued course of discriminatory conduct that, if proven, could constitute a policy or mechanism of gender discrimination

sufficient to toll the statute of limitations.  Plaintiff, the only female cadet, claims that she was treated differently than her male counterparts, was singled out and told she was the "weakest link," that she was a "distraction" and that she had an "issue with being a female."  She complained of discrimination and was then asked to resign and ultimately terminated.  Following her termination, she alleges that the Defendants deliberately provided negative, false and misleading recommendations which she later learned prevented her from being employed.  She again complained of discrimination and the Defendants again allegedly provided negative, false and misleading information to prospective employers, this time in violation of a settlement agreement between the parties whereby the Defendants agreed to provide a standard recommendation for the Plaintiff.

Taken as true, with all reasonable inferences in favor of the Plaintiff, she has sufficiently alleged a continuing pattern of gender discrimination and retaliation such that her time-barred claims may be tolled by the continuing violation doctrine. Accordingly, this Court denies Defendant's Motion to Dismiss based on the statute of limitations without prejudice to renew following discovery on this issue.

   II.   The Stipulation of Settlement

Defendants argue that Plaintiff is barred from bringing her claims based on the conduct that is the subject of the settlement

agreement. Plaintiff contends that she is not barred by the settlement, because the Defendants breached the terms of the settlement by failing to provide recommendations as specifically provided in the settlement agreement. She states that she was denied employment based on negative, false and misleading information provided by the Defendants to prospective employers. Plaintiff alternatively argues that the settlement agreement is unenforceable because it required the Defendants to perpetrate a fraud on a third party by stating that she left the academy for personal reasons, when in fact she was terminated.

The Court need not decide whether the settlement agreement is itself enforceable, because the Court finds that Plaintiff has sufficiently alleged that Defendants breached the settlement agreement, such that the performance of her promise not to sue may be excused. See Restatement of Contracts 2d § 237; see also American List Corp. v U.S. News & World Report, 75 N.Y.2d 38, 44 (1989)(It is well settled that one party's breach of a contract may excuse another's performance of a future promise). Accordingly, Defendants Motion to Dismiss Plaintiff's claims based on the settlement is denied without prejudice to renew following discovery.

III. Title IX

Defendant also contends that Plaintiff's Title IX discrimination and retaliation claims must be dismissed because

"[a] plaintiff in a Title IX suit must have a direct, educational relationship with an educational institution in order to prevail." Def. Mem. Of Law at 8.  Defendants further state "[b]ecause all of Plaintiff's attendance at [the College] occurred in times precluded both by the applicable statute of limitations and by the preclusive effect of the settlement, Plaintiff cannot show that she was denied the benefits of, or discriminated against under an education program."  This argument is simply untenable and it is also moot based on this Court's determinations regarding the statute of limitations and the preclusive effect of the settlement.

Defendants apparently request this Court to dismiss Plaintiff's claims of discrimination and retaliation because some of their actions took place after she was terminated.  Such an interpretation of Title IX would defeat the remedial purpose of the statute. See Jackson v. Birmingham Bd. of Educ., 544 U.S. 167 (2005).  Courts generally follow the body of case law developed in the Title VII context for analyzing cases of discrimination brought under Title IX. See Curto v. Edmundson, 392 F.3d 502, 504 (2d Cir. 2004).  And the Second Circuit has specifically recognized that post-termination negative reference claims are cognizable under Title VII. See Jute v. Hamilton Sundstrand Corp., 420 F3d 166 (2d Cir. 2005); see also Pantchenko v. C. B. Dolge Co., Inc., 581 F.2d 1052 (2d Cir. 1978).  Defendants cite O'Connor v. Davis, 126 F.3d 112 (2d Cir 1997) to support their argument that a plaintiff may

not prevail on a Title IX claim where she does not have an education relationship with an educational institution. However, at issue in O'Connor v. Davis was whether a plaintiff could sue a "state-run clinic that receives federal money...and permits student-interns from a college with which it has no affiliation to perform volunteer field work at its facility" under Title IX. Davis, 126 F.3d at 117.  Such circumstances are simply not present in this case, as it is uncontested that the College is an educational institution and that Plaintiff was, at one time, a student of the police academy at the College.  Accordingly, this Court finds Defendants argument to be without merit.

Defendant next argues that Plaintiff has not plausibly alleged a cause of action for discriminatory retaliation with respect to her negative reference claims.  This Court disagrees. To establish a prima facie case of retaliation, Plaintiff must present facts in support of the following elements: (1) she engaged in protected activity of which her employer was aware, (2) the employer took an adverse employment action against her, and that (3) a causal connection exists between the protected activity and the adverse employment action. Paulino v. New York Printing Pressman's Union, Local Two, 301 Fed. Appx. 34,  37, 2008 WL 5083493 ( (2d Cir. 2008); see also  Curto v. Edmundson, 392 F.3d 502, 504 (2d Cir. 2004)(applying Title VII standards to Title IX cases).  Here, Plaintiff alleges that she complained of discrimination to the

College and later to the Division of Human Rights. She was terminated from the college and subjected to negative employment references immediately after her initial complaint and again after she settled her discrimination complaints in the Division of Human Rights. She states that she "was advised that information these departments had received from the Defendants has caused them not to further consider her for employment" and that other departments had received information from the Defendants which led to her rejection from employment. This Court finds that this is sufficiently plausible to state a claim for discriminatory retaliation in violation of Title IX. Accordingly, Defendants' Motion to Dismiss Plaintiff's claims for retaliation based on the negative references is denied.

   IV.   § 1983 Claims

Defendants, citing Curto v. Smith, 248 F. Supp. 2d 132 (N.D.N.Y. 2003), next argue that Plaintiff's claims under § 1983 must be dismissed because the College, "while part of the State University [of New York] system, is given wide latitude in day-to-day affairs" and is therefore not a state-actor for purposes of § 1983. Def. Mem. of Law at 6. Defendants' reliance on Curto, however, is misplaced. In Curto, the Northern District of New York determined that a private veterinary college located within Cornell University (a private university), although it received some state funding, was a private institution. Accordingly, the Court

determined that the veterinary college could not be held liable under § 1983 because "the creation and enforcement of policies relating to student discipline, academic standards, and other day-to-day operations of the College of Veterinary Medicine" were not "materially 'entwined' with the State of New York." Id. at 139-140.

Curto is distinguishable from the case at bar because the College is a community college within the State University of New York ("SUNY") system. The parties have not cited, and the Court is unaware of any case in this Circuit or elsewhere which holds that a state-run institution can not be held liable under § 1983 simply because it controls it's day-to-day affairs, as Defendants contend. And state colleges are considered state-actors for § 1983 purposes in this Circuit. See e.g. Vega v. Miller, 273 F.3d 460 (2d Cir. 2001)(Cabranes, J. *dissenting* at note 4, citing Dube v. State University of New York, 900 F.2d 587, 594 (2d Cir.1990) stating "defendants, persons acting in their official capacity as state college administrators, are part of a university system (the State University of New York) that is a state-actor" for purposes of § 1983.)

Therefore, this Court finds that Defendants have not demonstrated that they are not state-actors subject to § 1983 liability. Accordingly, Defendants' Motion to Dismiss Plaintiff's § 1983 claims for this reason is denied.

V. <u>New York State Claims</u>

Defendants contend that this Court lacks subject matter jurisdiction to hear Plaintiff's New York State human rights law claims because such claims were not brought to the Division of Human Rights and were not dismissed for administrative convenience, untimeliness or an election of remedies issue. <u>See</u> N.Y. Exec. Law § 297 (9); <u>Moodie v. Federal Reserve Bank of New York</u>, 58 F.3d 879 (2d Cir. 1995). Plaintiff, however, appears to abandon any such claims that were initially brought before the Division of Human Rights, and contends only that her claim relating to activity that occurred after the Stipulation of Settlement (her post-termination negative reference retaliation claim) is not barred by her election to proceed with her complaints in the Division of Human Rights. Defendants have not responded to this argument and Plaintiff's post-settlement claims were not part of any claim before the Division of Human Rights. Accordingly, Defendants' Motion to Dismiss Plaintiff's New York state law claims are dismissed to the extent that such claims were previously litigated in the Division of Human Rights. Plaintiff's claims that relate to conduct that occurred after the Stipulation of Settlement, however, are not dismissed.

**CONCLUSION**

For the reasons set forth above, Defendants' Motion to Dismiss is denied with respect to Plaintiff's claims under 42 U.S.C. § 1983 and Title IX. Defendants' Motion to Dismiss based on the settlement and the statute of limitations is dismissed without prejudice. Defendants' Motion to Dismiss Plaintiff's state law claims which pre-date the July 6, 2009 Stipulation of Settlement is granted.

ALL OF THE ABOVE IS SO ORDERED.

      s/ Michael A. Telesca
        MICHAEL A. TELESCA
      United States District Judge

Dated:    Rochester, New York
           September 22, 2011