```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

EDITH JORDAN,

                    Plaintiff,           11-CV-6182T
v.

CORNING COMMUNITY COLLEGE, et al.,       DECISION
                                         and ORDER
                    Defendants.
_____
```

## INTRODUCTION

Plaintiff Edith Jordan ("plaintiff") commenced this action against defendant Corning Community College (the "College") and its employees, Patrick Pariso ("Pariso"), Michael Marrone ("Marrone"), Rick Churches ("Churches"), Bruce Gugliotta ("Gugliotta") (collectively "defendants") alleging gender discrimination and retaliation under Title IX, 42 U.S.C. § 1983, and the New York Human Rights Law ("NYHRL").

Before the Court is defendants' motion for summary judgment dismissing the complaint in which they assert that the parties' Stipulation of Settlement (the "settlement agreement"), which was executed on July 6, 2009, precludes plaintiff's present claims.

For the reasons set forth below, defendants' motion for summary judgment is denied.

## BACKGROUND

Unless otherwise noted, the following facts are taken from plaintiff's complaint, including the documents incorporated therein

by reference, the documents submitted by parties in support of, and in response to, the motion, and deposition testimony.

On January 17, 2007, plaintiff began attending the Southern Tier Law Enforcement Academy (the "Academy") as the only female cadet in her class. Plaintiff alleges that she was immediately treated differently from the male cadets. The complaint states that plaintiff was singled out from the male cadets by: (1) being referred to as the "weakest link" and a "senior citizen"; (2) not receiving the same opportunities to make up physical training requirements; (3) being the only cadet told to make a choice between her family, her part-time jobs, and the Academy; and (4) having to travel ten miles to another location for separate changing and bathroom facilities. Plaintiff complained of the discriminatory treatment to her class leader, as well as defendants Pariss and Marrone, and, in February 2007, plaintiff was forced to resign from the Academy upon the threat of termination for violation of Academy rules. Although there is testimony and other evidence in the record concerning the alleged discrimination and the circumstances of plaintiff's termination from the Academy, the narrow issue before this Court is whether plaintiff's present cause of action is precluded by the terms of a settlement agreement entered into by the parties and whether defendants are entitled to summary judgment.

Plaintiff filed complaints with the New York State Division of Human Rights (the "Division") in November 2007 and February and

April 2008, resulting in a finding by the Division that probable cause existed that defendants had engaged in unlawful discrimination. The parties subsequently entered into a settlement agreement that disposed of plaintiff's pending discrimination claims. Pursuant to the Stipulation of Settlement, formalized by the parties on July 6, 2009, defendants agreed, when requested, to provide "neutral" references to plaintiff's prospective employers stating that she left the Academy for "personal reasons."

Defendants contend that they are entitled to summary judgment because the parties' settlement agreement precludes the present discrimination claims. Plaintiff responds that the settlement agreement is void on public policy grounds by calling for the commission of a fraud on third parties because it requires defendants to falsely state in response to requests for future reference letters that plaintiff left the Academy for "personal reasons." Plaintiff further asserts that defendants violated the settlement agreement by informing a prospective employer, the Spring Garden Police Department, that the Academy requested plaintiff to withdraw from her program and leave the Academy.

Under the terms of the settlement agreement, defendants also agreed to reimburse plaintiff for the cost of tuition in addition to providing "neutral" oral and written responses to reference requests by plaintiff's prosepective employers. The settlement agreement specifically provided that the references were required to be "neutral" and state the following: "[plaintiff] attended the

Southern Tier Law Enforcement Academy beginning on January 17, 2007 and leaving for personal reasons on February 1, 2007. During this period, Ms. Jordan excelled academically and had been appointed squad leader by her peers." Stipulation of Settlement, exhibit A. In return, plaintiff agreed to withdraw her complaints before the Division and release defendants from liability for all discrimination and retaliation claims arising thereunder.

In support of her claim that defendants violated the settlement agreement, plaintiff points to evidence in the record that Detective James Hott of the Spring Garden Police Department (a prospective employer) contacted the Academy as part of her background check and was told that plaintiff did not leave the Academy for financial reasons, as she stated on her October 2009 application, but rather she was asked to withdraw from the program. *See* Spring Garden Police Department Findings of Fact (exhibit number 22), p. 3.  The individual defendants, Marrone, Churches, Gugliotta, and Pariso, also deny responding to any reference or information requests regarding plaintiff after July 6, 2009. Marrone further testified that he ended his employment with the College in August 2009.

## DISCUSSION

### I.  **Summary Judgment Standard**

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment shall be granted if the moving party

demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." When considering a motion for summary judgment, all genuinely disputed facts must be resolved in favor of the party against whom summary judgment is sought. *See Tolan v. Cotton*, 134 S.Ct. 1861, 1863 (2014).

Summary judgment is appropriate only if, after considering the evidence in the light most favorable to the nonmoving party, the court finds that no rational jury could find in favor of that party. *Scott v. Harris,* 550 U.S. 372, 380 (2007), citing *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-587 (1986). The party opposing summary judgment "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986).

**II.  Defendants are not entitled to Summary Judgment**.

Plaintiff initially asserts that the settlement agreement is void on public policy grounds because "performance thereunder requires the commission of fraud on third parties" because the agreement requires defendants to fraudulently state to any prospective employer that plaintiff left the Academy for "personal reasons." Although plaintiff narrowly interprets the language, "personal reasons," as concealing the fact that plaintiff was constructively "terminated from the Academy," the reference clause

of the settlement agreement falls short of perpetuating a fraud on a third party or inducing any unlawful conduct.

It is well settled that a contract is unenforceable when performance thereunder would, in contravention of public policy, "involve[] indisputably unlawful conduct." *Elvin Assocs. v. Franklin*, 680 F.Supp. 121, 124 (S.D.N.Y.1988); *compare Reiner v. North American Newspaper Alliance*, 259 N.Y. 250, 254-255 (1932) (contract at issue was part of a tortious scheme that directed violated rights of a third party). Here there has been no showing that performance under the settlement agreement was possible only through "clearly unlawful conduct." *Elvin Assocs.*, 680 F.Supp at 124.

The settlement agreement provided that "[the College] agrees to provide a letter of reference to [plaintiff's] potential employers . . . containing language . . . to be "neutral and [would] not express or imply a negative opinion of [plaintiff]." Stipulation of Settlement, p. 2. The stipulated reference, which provides that prospective employers were to be given a neutral opinion, is not undisputedly unlawful, nor does it violate the rights of any third parties. Consequently, the settlement agreement is not void as against public policy for that reason.

There does exist, however, a material question of fact whether defendants violated the neutral response requirement of the settlement agreement. The plaintiff points to the incident

concerning Detective Hott's background check as part of her application for a position with the Spring Garden Police Department.  The record reveals that during a Spring Garden Police Department hearing adjudicating plaintiff's appeal concerning the denial of her employment application, it was found that: "Detective Hott contacted the Academy and was informed that Ms. Jordan's failure to complete the cadet program was not due to financial reasons, but was a result of the Academy requesting that she withdraw from the program." Spring Garden Police Department Findings of Fact (exhibit number 22), p. 3.

Defendants insist that the only information provided by the College to prospective employers on plaintiff's behalf was a written reference letter containing the agreed-upon language in the settlement agreement.  In further support of the defendants' motion, the individual defendants allege that they did not respond to any reference or information requests regarding plaintiff after the settlement agreement was executed.

Plaintiff, however, has presented a material question of fact whether the College informed Detective Hott, in violation of the settlement agreement, that plaintiff was asked to withdraw from her program by the Academy. Contrary to defendants' argument, the Findings of Fact resulting from the hearing conducted by the Spring Garden Township Civil Service Commission provides evidence that defendants violated the critical aspect of the settlement agreement which provided that oral or written references made by the College

"will remain neutral and will not express or imply a negative opinion of [plaintiff]." Consequently, there exists a material question of fact whether defendants violated the requirement that any inquiry made about plaintiff by a future employer would be met with a neutral response. Summary judgment must therefore be denied. The Court has considered defendants' other contentions and finds them to be without merit.

## CONCLUSION

For the reasons set forth above, the Court finds that there exists a genuine dispute as to a material question of fact whether an essential condition of the settlement agreement was violated by defendants and, therefore, defendants' motion for summary judgment is denied.

ALL OF THE ABOVE IS SO ORDERED.

S/ Michael A. Telesca
_____
MICHAEL A. TELESCA
United States District Judge

Dated:   Rochester, New York
         May 12, 2015